```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
THERESA A. MESSING,

                      Plaintiff,             06-CV-6643

          v.                                 DECISION
                                             and ORDER
JO ANNE B. BARNHART, Commissioner
of Social Security

                      Defendant.
_____
```

INTRODUCTION

Plaintiff Theresa A. Messing ("Messing") brings this action pursuant to Titles II and XVI of the Social Security Act, § 201 et. seq. (codified at 42 U.S.C. § 401 et. seq. and 42 U.S.C. § 1381 et. seq.) claiming that the Commissioner of Social Security improperly denied her application for disability benefits and supplemental security income payments.[1] Specifically, Messing alleges that the decision of an Administrative Law Judge ("ALJ") denying her application for benefits was erroneous because it was not supported by substantial evidence in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Messing cross-moves for judgment on the pleadings and seeks

---

[1] This case (formerly civil case 04-CV-0878A) was transferred to Judge Charles J. Siragusa by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated December 22, 2006. It was transferred to the undersigned on January 4, 2007.

reversal of the decision or, in the alternative, remand to the Commissioner for further administrative proceedings.

## BACKGROUND

On March 25, 2003, plaintiff Theresa A. Messing, at the time a 31 year old former customer service representative, user support analyst, and field service engineer, applied for Social Security disability benefits and Supplemental Security Income payments, claiming that she had become unable to work as of January 8, 2003 because of AIDS, depression and anxiety, and lower back pain. Messing's application was initially denied on May 2, 2003. Thereafter, Messing requested a hearing before an Administrative Law Judge which took place on August 16, 2004. Plaintiff was represented by counsel at the hearing and a vocational expert was present via telephone.

In a decision dated September 7, 2004, the ALJ found that although Messing's HIV positive status, depression and anxiety, and back pain were severe, she retained the residual functional capacity to perform "light exertional" level work with some limitations, and therefore was not disabled within the meaning of the Act and thus not entitled to receive Social Security benefits. Messing's appeal of the ALJ's decision to the Social Security Appeals Board was denied on September 17, 2004, and on October 29, 2004 plaintiff filed this action.

DISCUSSION

I.  Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) this limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that her decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the

contents of the pleadings. <u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

II. <u>The Commissioner's decision to deny Plaintiff benefits was erroneous based on substantial evidence in the record.</u>

The ALJ's determination was based on plaintiff's HIV positive status, not plaintiff's full-blown AIDS status. The medical record contains considerable evidence that plaintiff's HIV positive status became full-blown AIDS in 2002. Plaintiff's treating physician Dr. Adel Sulaiman repeatedly reported that plaintiff has "advanced" AIDS (Transcript of Administrative Proceedings at pages 185, 188, 189, 190) (hereinafter "T."). Consultative psychologist Dr. Renee Baskin-Creel and consultative physician Dr. Steven Dina also reported that plaintiff has "full-blown AIDS" (T. 147, 152). The ALJ discredited Dr. Sulaiman's July 31, 2003 report of plaintiff's advanced AIDS because that report was made at a time when plaintiff was not taking her medication (T. 19). However, Dr. Sulaiman continued to report that plaintiff has advanced AIDS even after she resumed her medication (T. 185, 188). Dr. Sulaiman's diagnosis of AIDS has not been contradicted by any other medical professional.

Pursuant to the Social Security Regulations:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by

> medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 C.F.R. 404.1527(d)(2). Dr. Sulaiman's medical opinion of plaintiff's diagnosis of AIDS is well-documented on several occasions (T. 185, 188, 189, 190). That opinion is not contradicted by Dr. Baskin-Creel (T. 147), Dr. Dina (T. 152), Dr. Sulaiman's nurse practitioner (T. 193-234), or plaintiff's mental health counselor (T. 243).

Dr. Sulaiman also opined on several occasions that plaintiff is totally disabled (T. 186, 189, 192). In addition to AIDS she has "unexpected and unpredictable episodes of nausea and severe diarrhea on a daily basis," limited activities of daily living due to fatigue, weakness, and pain, and a chronic anxiety disorder with panic attacks (T. 185). Dr. Sulaiman concluded that "she is unable to engage in a substantial gainful employment" and that she is "100% disabled" (T. 186, 189). His conclusions are not contradicted by other evidence in the record. Nurse practitioner Laurie Engler fully agreed with Dr. Sulaiman (T. 185-86). Dr. Baskin-Creel's consultative opinion does not contradict Dr. Sulaiman's opinion but rather supports it: "Prognosis is poor given the chronicity and pervasiveness of depression and anxiety as well as the diagnosis of full-blown AIDS 2 years ago and the permanence of this condition and no cure." (T. 150). Mental health counselor Kirsten Ottley reported that plaintiff was "unable to respond appropriately to

stress" (T. 241), had a "poor" prognosis with "extensive difficulties coping with HIV diagnosis" (T. 244), and "marked" or "severe" limitations in all areas tested (T. 244-45). Chiropractor Keith Levick also opined that plaintiff has a permanent partial disability (T. 237). Only consultative physician Dr. Dina expressed that plaintiff only has "mild limitations" (T. 155.) Because the record as a whole supports the treating physician's opinion, it must be given controlling weight. 20 C.F.R. 404.1527(d)(2); <u>Rivera v. Barnhart</u>, 2005 WL 735936 (S.D.N.Y.) There is substantial evidence in the record which supports a finding of disability. Therefore, the decision of the Commissioner is reversed.

<u>CONCLUSION</u>

For the reasons set forth above, I grant plaintiff's motion for judgment on the pleadings and reverse the Commissioner's determination. I remand this case to the Commissioner solely for the calculation and payment of benefits. Defendant's motion for judgment on the pleadings is denied.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         January 8, 2007